# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FELICIA ANDERSON, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE BANK OF NEW YORK MELLON, | : | NO. 18-131 |
| TRUST 2007-1, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

**TUCKER, J.**  FEBRUARY 5, 2018

Plaintiff Felicia Anderson filed this civil action against the Bank of New York Mellon Trust 2007-1, McCabe Weisberg & Conway P.C., and "The Named and Unnamed Defendants." She also filed a motion to proceed *in forma pauperis*. For the following reasons, the Court will dismiss Ms. Anderson's complaint.

### I. FACTS

Ms. Anderson alleges that the jurisdictional basis for her lawsuit is "fraudulent and deceptive business practice act of [her] state, and rights protected by crime code." She also suggests that she is seeking to remedy state or federal constitutional violations. On the second page of her Complaint, Ms. Anderson specifically references 18 U.S.C. §§ 241 and 242, which criminalize civil rights violations.

In support of her case, Ms. Anderson alleges that "the named (McCabe, Weisberg & Conmway, P.C. et al.) and 'unnamed' Defendants devised and intended to devise a scheme to steal, unlawfully take land and title property of the plaintiff(s) and to defraud by 'attorney trick' and to defraud the plaintiffs citizens and the city of Philadelphia and the United States . . . and to obtain money and property by means of criminal activities." (Compl. at 3.) Ms. Anderson does

1

not make any additional allegations against the Defendants. However, she attached several documents to her complaint concerning foreclosure proceedings in state court.

The documents attached to the Complaint indicate that the Bank of New York Mellon, as trustee for City Mortgage Loan Trust 2007-1 (the "Bank"), prevailed in mortgage foreclosure proceedings in state court against Lynell A. Anderson and the known and unknown surviving heirs of Alvin L. Williams. The proceedings concerned property located at 1520 West Duncannon Avenue in Philadelphia. The law firm of McCabe, Weisberg & Conway, P.C. represented the Bank in the foreclosure proceedings. A "Praecipe to Attach" filed by Ms. Anderson in the instant case (ECF No. 3), reflects that the property was recently sold at a sheriff's sale.

It appears that Ms. Anderson claims an interest in the sold property and that she believes the defendants acted criminally in foreclosing on it. She filed a motion in state court to postpone an earlier sheriff's sale indicating that she sought to put the home in her name and that she would do anything to "save [her] son's home." (Compl. at 45.)

## II. STANDARD OF REVIEW

Ms. Anderson is granted leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. As Ms. Anderson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That provision require the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Ms. Anderson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

2

Additionally, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.    DISCUSSION

Ms. Anderson's Complaint does not comply with Rule 8(a) or state a claim as pled because Ms. Anderson has not set forth any explanation of the facts giving rise to a claim against the defendants. Instead, she has essentially relied on exhibits, leaving the Court to guess at the nature of her claims. Although Ms. Anderson clearly believes that the Defendants acted improperly in connection with the foreclosure proceedings, it is not clear what facts she is basing that belief on or how those facts give rise to a claim for relief within the Court's jurisdiction.

There are other problems with Ms. Anderson's Complaint. It appears that Ms. Anderson is trying to initiate criminal charges against the Defendants and/or that she is seeking relief under criminal statutes. However, the criminal statutes to which she refers do not provide a basis for civil liability and, furthermore, this Court lacks the authority to initiate criminal proceedings. *See Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."); *see also Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619

3

(1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam). Furthermore, there is no basis for a federal constitutional claim here because the defendants are not state actors. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

If Ms. Anderson is attempting to bring claims pursuant to federal or state laws prohibiting unfair debt collection practices, she has not stated a claim because, as explained above, she has not set forth facts supporting her allegations that the Defendants acted unfairly or deceptively in a manner that violates state or federal law. Additionally, if she is only seeking to pursue claims under state law, she has not set forth a basis for this Court's jurisdiction under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, the Complaint suggests that the parties are not completely diverse, such that diversity jurisdiction is lacking.

### IV. CONCLUSION

Although the Court will dismiss the Complaint for the reasons above, Ms. Anderson will be given leave to file an amended complaint in the event she can state a claim within the Court's jurisdiction. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.